**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4567

PETER DUDLEY ALBERTSEN, II,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-97-9-WMN)

Submitted: July 14, 1998

Decided: August 20, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Chief
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Andrew C. White,
Assistant United States Attorney, Christine Manuelian, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Dudley Albertsen, II, appeals his sentence following his guilty plea to charges of knowingly mailing a videotape that contained child pornography. See 18 U.S.C.§ 2252(a)(1) (1994). Albertsen seeks vacatur of his sentence on four grounds. First, he argues that his due process rights were violated because his sentence exceeded constitutional limits. Second, Albertsen contends that the district court applied the amended commentary to U.S. Sentencing Guidelines Manual (USSG) § 2G2.2 (1995), in an inconsistent and prejudicial manner. See USSG App. C, amend. 537 (effective November 1, 1996). Third, Albertsen asserts that the district court erroneously applied an upward adjustment under USSG § 3A1.1, and an upward departure under USSG 5K2.3, because the district court misunderstood the term "victim" as it is used in these Guideline sections. Fourth, Albertsen claims that the district court committed clear error when it found that he did not accept responsibility for his actions under USSG § 3E1.1. For the reasons that follow, we affirm.

I.

In 1985, while working as a camp counselor, Albertsen met campers Justin and Matthew Wilke. Albertsen befriended the two campers and continued this friendship after camp ended. Albertsen then became a close friend of the Wilke family. On several occasions Albertsen would stay overnight at the Wilkes' home or Justin and Matthew would stay overnight or for the weekend at Albertsen's home.

In 1986, during a stay at Albertsen's home, Albertsen began to abuse eleven year old Matthew Wilke. This abuse continued for nearly one year and consisted of approximately twelve instances of physical molestation. Albertsen's abuse of Matthew stopped, when at

2

thirteen, Matthew wrote Albertsen telling him that he did not want to go to his home anymore.

During one of the boys' visits, Albertsen also began to abuse Matthew's younger brother Justin. Justin, who was eleven years old, was asked to undress upon Albertsen's command in front of his video camera. At the same time Albertsen took still photographs of Justin undressing. Thereafter, Albertsen sexually molested Justin. This abuse continued until 1990 when Matthew advised his father that Albertsen may be molesting Justin.

Albertsen was subsequently charged with eight counts of child abuse and sodomy. Albertsen pled guilty to third degree sexual assault involving Justin Wilke. Albertsen received a three year suspended sentence and five years' probation on the condition that he undergo therapy and have no contact with the Wilke boys or minor children.

Despite this condition, Albertsen continued to contact and harass Justin for essentially four years. In May 1995, Albertsen mailed Justin a videotape cassette which contained depictions of minor boys engaged in sexually explicit and masochistic conduct. Along with the videotape, Albertsen sent letters which recounted previous instances of sexual abuse, told Justin that he loved him, and sought to have Justin return to him as a lover.

On November 30, 1995, Justin discovered his father's body in the family car after he had taken his life by means of carbon monoxide poisoning. The record suggests that the boys' father was very disturbed by what happened to his sons and felt guilty for not discovering the abuse sooner. On February 1996, Justin was found dead, after he too committed suicide by means of carbon monoxide poisoning. Next to Justin's body, the police found a note which said in part, "I hate you, Pete!" Finally, on August 15, 1996, Matthew was found dead in a car, also the victim of self-inflicted carbon monoxide poisoning. In December 1996, Albertsen was arrested and subsequently pled guilty to charges of knowingly mailing a videotape that contained child pornography. See 18 U.S.C.§ 2252 (1994).

At sentencing the parties stipulated that the 1995 version of USSG § 2G2.2 was the controlling section of the Guidelines and Albertsen

3

was assigned a base offense level of 15. The parties agreed under USSG § 2G2.2(b)(3) to increase his offense level by four points because the videotape contained portrayals of sadistic and masochistic conduct. The district court then added a five-level enhancement under USSG § 2G2.2(b)(4) because "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The district court also added a two-level enhancement pursuant to § 3A1.1(b) because Justin was "unusually vulnerable" to Albertsen's actions. Finding that he lacked true remorse for his crime, the district court denied Albertsen any credit for acceptance of responsibility.

After determining that an upward departure may be appropriate pursuant to Application Note 5 of USSG § 2G2.2, the district court concluded that USSG § 2A3.1(b)(2) would be most commensurate with Albertsen's conduct because it ties into the sexual abuse of children who were under the age of twelve at the time of the abuse. Albertsen's base level was then reduced by five points to eliminate any double counting by virtue of the USSG § 2G2.2(b)(4) enhancement. See USSG § 2G2.2, comment. (n.5) (1995). The district court then increased Albertsen's criminal history category because of the likelihood of recidivism under USSG § 4A1.3. Finally, the district court departed upward by five levels pursuant to USSG § 5K2.3 because of the extreme psychological injury suffered by Justin as a direct result of the mailing of the videotape. Thereafter, the district court eliminated the two-point "vulnerable victim" enhancement under USSG § 3A1.1 because that enhancement constituted double counting with the upward departure under USSG § 5K2.3.

Although the Guidelines range was 135-168 months' imprisonment, the district court sentenced Albertsen to the statutory maximum of 120 months' imprisonment pursuant to USSG 5G1.1(a). See 18 U.S.C. § 2252 (1994). Albertsen noted a timely appeal of his sentence.

II.

Albertsen contends that his due process rights were violated because his sentence, which was predominantly based on conduct that occurred prior to the offense in this case, knowingly mailing a pornographic videotape, exceeded constitutional limits. Specifically,

4

Albertsen asserts that the district court erred when it increased his sentence from approximately three years imprisonment to the statutory maximum of ten years based on a sexual abuse of minors conviction which occurred six years prior to the offense of conviction. We begin by noting that factual findings made by the district court in connection with the application of an enhancement under the sentencing guidelines are reviewed for clear error, while issues of law are subject to de novo review. See United States v. Blake , 81 F.3d 498, 503 (4th Cir. 1996).

Because the sentencing enhancement Albertsen received was within the statutory plan, Albertsen's claim is without merit. See McMillan v. Pennsylvania, 477 U.S. 79, 84-88 (1986) (noting that the defendant's due process rights were not violated because the court's sentence was within the range available to it for the offense of conviction); United States v. Galloway, 976 F.2d 414, 424-26 (8th Cir. 1992) (pointing out that a due process violation does not occur when a defendant receives a three-fold increase in sentence based on prior conduct). Cf. United States v. Lombard, 72 F.3d 170, 182 & n.16 (1st Cir. 1995) (distinguishing Lombard's situation from cases where the defendant's sentence was within the same statutory maximum, and thereby, holding that Lombard's due process were violated because the court went beyond the statutory scheme). In Albertsen's case the statutory maximum for a defendant convicted of trafficking in material involving the sexual exploitation of a minor in violation of § 2252(a)(1) was ten years. Accordingly, the district court properly adjusted Albertsen's sentence within the range available to it for the offense of conviction and was punished for the fact that the present offense was carried out in a manner that warrants increased punishment, not for a different offense. See Witte v. United States, 515 U.S. 389, 403 (1995); McMillan, 477 U.S. at 88.

III.

Next, Albertsen claims that the district court applied the 1996 clarifying amendment to USSG 2G2.2(b)(4) in an inconsistent and prejudicial manner. We disagree.

Albertsen suggests that because the 1996 amendment deletes the requirement that the district court consider either USSG § 2A3.1,

2A3.2, or 2A3.4, it erred when it considered USSG§ 2A3.1 to determine whether an upward departure was appropriate under USSG § 2G2.2. See USSG § 1B1.11(b)(2) (1995) (codifying the one book rule). The record on appeal fails to show that Albertsen objected to this particular aspect of the court's implementation of USSG § 2G2.2 & § 2A3.1. Thus, we will review for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993).

We find that the 1996 amendment does not bar consideration of these sections but simply gives the sentencing court greater flexibility in determining the amount of the departure. Accordingly, the district court did not commit error and thus no plain error. See id.

IV.

Albertsen also asserts that the district court's two-point upward adjustment under USSG § 3A1.1 as well as its five-point upward departure under USSG § 5K2.3 should be reversed because Justin Wilke was not a "victim" as that term is used in either guideline section. Albertsen claims that the only "victim" of his crime of mailing child pornography in commerce in violation of § 2252(a)(1) is society in general, or the individuals depicted in the videotape.

Under USSG 3A1.1 a "vulnerable victim" is not limited to the offense of conviction, but may also include other individuals unusually susceptible to the harm perpetrated by the defendant's criminal conduct. See Blake, 81 F.3d at 503-04. Therefore, we reject Albertsen's argument. It is uncontested that Justin Wilke was the only recipient of the video and that the tape caused him terror, shame, embarrassment, and guilt. Further, Albertsen's stalking of Justin in the period preceding the mailing of the videotape and his inclusion of letters in the package along with the videotape constitute acts willfully caused by the defendant during the preparation of the offense. See id. at 503. Finally, Justin was unusually vulnerable because of the prior sexual abuse and his inability to fend off Albertsen. Consequently, there is no dispute that Justin Wilke was an unusually vulnerable "victim" and that Albertsen targeted Justin due to this vulnerability. See id.

We further find Albertsen's contention that the district court erroneously applied an enhancement under USSG § 5K2.3 meritless. A

6

departure for extreme psychological injury may be made if the victim "suffered psychological injury much more serious than that normally resulting from commission of the offense." USSG§ 5K2.3 (1995). The evidence at trial revealed that Justin left town because he was afraid Albertsen might kill him. He also became very agitated and depressed following his father's suicide and blamed Albertsen for his father's death. Finally, Albertsen's mailing of the videotape eventually led to Justin's suicide. Thus, we hold that the district court's finding was not clearly erroneous, and this claim lacks merit.

V.

Finally, Albertsen asserts that the district court's factual finding that he did not demonstrate acceptance of responsibility for his criminal conduct was clearly erroneous. Albertsen argues that his guilty plea entitled him to a reduction in his sentence.

The record shows that on several occasions Albertsen told law enforcement officials that child pornography was not wrong and that he did not feel responsible for Justin's death. Based on this evidence, we find that the trial court's decision to deny a reduction for acceptance of responsibility was not clearly erroneous. See United States v. Harris, 882 F.2d 902, 905-07 (4th Cir. 1989) (noting that a guilty plea is evidence of acceptance of responsibility but that this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility).

VI.

Accordingly, we affirm the sentencing decisions of the district court. We deny Albertsen's request for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7